### V. LOEWERS GAMBRINUS BREWING CO. v. KUKU.

(Supreme Court, Appellate Term. June 1, 1906.)

SALES—ACTION FOR PRICE—ADMISSIBILITY OF EVIDENCE.

    In an action for the price of beer, where the plaintiff's evidence tended to show that the defendant ordered it delivered at a certain place, which the defendant denied, evidence that he was not the owner or in possession of or carrying on business at the place named, and that other parties were engaged in business there and ordered the beer, was admissible.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by the V. Loewers Gambrinus Brewing Company against Michael Kuku. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Morris Meyers, for appellant.
Uriah W. Tompkins, for respondent.

GILDERSLEEVE, J. The complaint alleged a sale and delivery to the defendant of 24 half barrels of beer, valued at $96, and the answer expressly denied the same. Upon the trial the treasurer and the president of the plaintiff testified that the defendant ordered the delivery of a certain quantity of beer at the corner of Thirty-Seventh street and Tenth avenue, and they both testified in general terms that "we delivered it," although it was not shown that either had any personal knowledge that such delivery was made. The delivery was claimed to have been made between September 3 and September 8, 1903. The defendant denied the ordering of the beer or its delivery.

All testimony offered by him tending to show that he was not the owner or in possession of or carrying on business at the corner of Thirty-Seventh street and Tenth avenue, and proof that other parties were engaged in business at that place, and that those parties ordered the beer in question of the plaintiffs, in September, 1903, was excluded by the trial judge, upon objection by plaintiff's attorney. This was error. Such evidence bore strongly upon the probability of the truth of

the defendant's statement that he had not ordered the beer and was not liable therefor, and should have been admitted. Moreover, the evidence of delivery to the defendant, in view of his emphatic denial, should have been much more certain in order to warrant a judgment for the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.